ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN VANDEVENTER, as personal representative of the Estates of ELISSE VANDEVENTER and MARISSA VANDEVENTER, JOHN VANDEVENTER, individually, and SHELLEE VANDEVENTER, individually, <br><br>Plaintiffs, <br><br>vs. <br><br>DALE GUIMOND, and BOARD OF COUNTY COMMISSIONERS OF COFFEY COUNTY, KANSAS, <br><br>Defendants. | Case No. 07-4018-JAR |

## MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION

The Court now considers the Motion for Reconsideration and Stay of Remand (Doc. 52) filed by defendant Board of County Commissioners of Coffey County, Kansas. On July 10, 2007, the Court entered a Memorandum and Order granting plaintiffs' motion to remand and finding all other pending motions moot ("July 10 Order") (Doc. 49). That same day, the case was remanded back to the Franklin County District Court and that court acknowledged receipt of the July 10 Order on July 12. The Board now seeks reconsideration of the July 10 Order and a stay of the remand. For the reasons explained in detail below, the Court denies the Board's motion for relief because it lacks jurisdiction in this matter.

### *July 10 Order*

The Court's July 10 Order disposed of plaintiff's motion to remand this case, which was

removed from Franklin County District Court under the federal officer removal statute.[1] After finding that the motion was not time-barred and that the Board did not waive its right to remove by litigating a motion to dismiss in state court, the Court found that it lacked subject matter jurisdiction under the federal officer removal statute—the only basis for jurisdiction cited in the Board's notice of removal and discussed in its response to the motion for remand.[2]

A defendant who is not a federal officer or agency must satisfy three elements in order to remove a case under the federal officer removal statute. It must show that: (1) it was a person acting under the direction of a federal officer; (2) it has raised a colorable federal defense to plaintiffs' federal claims; and (3) there is a causal connection between the activities carried out under federal authority and the state court actions.[3] In analyzing whether the Board could establish these elements, the Court concluded first that the Board was not a person "acting under" the direction of a federal officer or agency when its employee, Guimond, inspected and certified the aircraft in question. The Court conducted an extensive analysis of the applicable case law and regulatory framework in reaching this conclusion. Second, the Court concluded that *even if* the Board could satisfy the first element of federal officer removal jurisdiction, it could not establish a colorable federal defense under the Westfall Act.

---

[1] 28 U.S.C. § 1332(a); *see* Notice of Removal (Doc. 1).

[2] The Court also noted, that while not cited as the basis for removal, the Board could likewise not rely on the Westfall Act as an independent basis for removal because the Attorney General had declined to certify the case—a prerequisite to mandatory removal under the Act. *See* 28 U.S.C. § 2679(d)(3); *Osborn v. Haley*, 127 S. Ct. 881, 894 (2007).

[3] *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1149 (D. Colo. 2002); *see also Mesa v. California*, 489 U.S. 121, 138–39 (1989); *In re MTBE Prods. Liability Litig. v. Atlantic Richfield Co.*, –F.3d–, 2007 WL 1500338, at *11 (2d Cir. May 24, 2007); *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427–28 (11th Cir. 1996).

*Jurisdiction*

As a threshold matter, the Court must determine if it has jurisdiction to decide this motion. 28 U.S.C. § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise (emphasis added).

This section is to be read in conjunction with § 1447(c), so it precludes review "only of remands for lack of subject-matter jurisdiction and for defects in removal procedure."[4] When a district court relies on a lack of subject-matter jurisdiction to remand a case to state court, "review of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction, to the extent permissible at all, should be limited to confirming that that characterization was colorable."[5] While the Tenth Circuit has not conclusively ruled that motions for reconsideration are included in § 1447(d)'s bar on review, this district and other districts in the Tenth Circuit have interpreted the statute to prohibit such review.[6]

While the Board does not discuss this Court's jurisdiction to decide the motion, it does suggest that appellate review of the July 10 Order would be permissible because the Court's

---

[4]*Powerex Corp. v. Reliant Energy Servs, Inc.*, 127 S. Ct. 2411, 2418 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–712 (1996); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995); *see also Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).

[5]*Powerex Corp.*, 127 S. Ct. at 2418.

[6]*See, e.g.*, *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiencesellschaft*, 67 F. Supp. 2d 1242, 1245–47 (D. Kan. 1999); *Pishny Real Estate Servs., Inc. v. Musser*, No. 07-2186-KHV, 2007 WL 1434861, at *1 (D. Kan. May 15, 2007); *Chaara v. Intel Corp.*, No. CIV-05-278-JB/RLP, 2006 WL 4060670, at *5–6 (D.N.M. Nov. 21, 2006); *Topeka Housing Auth. v. Johnson*, No. 04-4062-SAC, 2004 WL 2457803, at 1–2 (Oct. 14, 2004). *Cf.*, *Scherer v. Merck & Co.*, No. 06-3295, 2007 WL 1969680, at *2 (July 9, 2007) (acknowledging district court's refusal to decide motion for reconsideration of remand order and likewise deciding that it lacked jurisdiction to review the remand order).

decision was not based on a colorable characterization that it lacked subject-matter jurisdiction. But this Court explicitly based its remand order on a lack of subject matter jurisdiction under 28 U.S.C. § 1442(a)(1).[7] As such, the Court's basis for remand is contemplated by § 1447(c) and is nonreviewable. Even assuming *arguendo* that § 1442(a)(1) is merely a procedural limitation to removal, it is also precluded from review under § 1447(c) and (d).[8] To be sure, the case has already been transferred back to the Franklin County court.[9]

The Board argues that because there is complete diversity of the parties and the amount in controversy exceeds $75,000, plaintiffs could have originally brought this action in federal court, and thus, there exists subject-matter jurisdiction. But the removing party must demonstrate jurisdiction in the notice of removal and not in some later pleading.[10] No such assertion of diversity jurisdiction is located in the Board's notice of removal. Furthermore, as plaintiffs point out, diversity jurisdiction is subject to the removal restrictions found in 28 U.S.C. § 1441(b), which only allow for removal if none of the defendants is a citizen of the State in which the action was brought.[11] Since the Board is a citizen of the State of Kansas, the case

---

[7]*Dalrumple v. Grand River Dam Auth.*, 145 F.3d 1180, 1185 (10th Cir. 1998) ("An inquiry into the propriety of removal under § 1442(a)(1) similarly encompasses a subject matter jurisdiction determination."); *Mesa v. California*, 489 U.S. 121, 136 (1989) ("Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant. . . . [I]t is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III Purposes.").

[8]*Dalrumple*, 145 F.3d at 1185 n.8.

[9](Docs. 50–51.)

[10]*Coca-Cola Bottling of Emporia, Inc. v. S. Beach Beverage Co.*, 198 F. Supp. 2d 1280, 1283 (D. Kan. 2002).

[11]28 U.S.C. § 1441(b) (providing that an action based on anything other than original jurisdiction is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

would not have been subject to removal based on diversity of citizenship. Again, while the Court construes this barrier to removal as jurisdictional, some courts have considered the presence of a diverse but in-state defendant procedural.[12] Either way, the Board never cited diversity as a basis for jurisdiction in its petition for removal. And either way—whether based on a procedural defect or a lack of subject-matter jurisdiction—this Court does not have jurisdiction to review its order remanding the case under § 1447(c) and (d).

*Motion for Reconsideration*

Even if the Court did have jurisdiction to review its remand order, it would deny the motion for reconsideration. Local Rule 7.3(a) provides that "[m]otions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59(e) or 60." Because this motion was filed within ten days of the July 10 Order, the Court construes it as a motion to alter or amend judgment under Rule 59(e).[13] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[14] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised

---

[12]*See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 n.6 (2005) (explaining that it was not deciding whether either approach is correct). The only implication of characterizing this as a procedural defect is that it would have been waivable by the plaintiffs. Plaintiffs could hardly waive a procedural defect in a basis for removal jurisdiction that was never invoked by the Board. Such an argument would be disingenuous given the Board's argument on the underlying motion that its right to removal was "triggered by the assertion of a potential federal defense, not by the content of the plaintiffs' pleadings." (Doc. 16 at 9.)

[13]*Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[14]*Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

earlier.[15]

After being prompted in the response, the Board's reply maintains that the motion is based on new expert reports and deposition transcripts that did not exist when the original response was filed, as well as on contentions of clear error and manifest injustice. But rather than address the Court's sequential analysis of the Board's alleged basis for jurisdiction, the Board's motion for reconsideration floats between the elements it was required to show when arguing against remand in the first instance. While some new discovery may have occurred since the parties briefed the motion to remand, the motion for reconsideration essentially reargues issues that this Court has already addressed. Out of an abundance of caution, however, the Court briefly addresses the Board's arguments, to the extent that they are relevant to its disposition in the July 10 Order.

First, the Board contends that the July 10 Order did not make a factual finding that Guimond was not acting under the direction of the FAA, but

> instead upon the absence of positive proof of his status at the initial removal stage. The order finds that Guimond will have the opportunity to present his evidence to the state court on remand, and the case may well be removed a second time if his evidence convinces the state judge that his status is no different than the mechanic in the case of *In re Air Crash Disaster Near Silver Plume Colorado, on October 2, 1970*, 445 F. Supp. 384, 400 (D. Kan. 1977).[16]

But this is a confusing and inaccurate representation of the Court's July 10 Order.

In addressing the propriety of the Board's claim that the federal officer removal statute

---

[15]*Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[16](Doc. 52 at 2.)

applies, the Court first addressed the requirement that the Board show that it was "acting under" a federal officer or agency. The Court discussed the fact that the Board's only role in the alleged tortious conduct cited in the Petition, was by virtue of the fact that it employed Guimond. Therefore, the Board should be able to remove under the statute *if* its employee, Guimond, would be able to remove because he acted under a federal officer or agency.

The Court determined that Guimond was not "acting under" a federal officer or agency when he inspected the airplane at issue and certified the plane in his capacity as a certified A&P mechanic. In reaching this conclusion, the Court reasoned as follows: (1) the Board's reliance on *In re Air Crash Disaster*[17] is misplaced because that case dealt with claims under the FTCA and was in a different procedural posture than the instant case; (2) the Board's reliance on the Eleventh Circuit decision in *Magnin v. Teledyne Continental Motors*[18] is misplaced because it dealt with a specific statutory delegation of authority to a private person that was not made to Guimond; (3) the regulations that provide for delegation of authority by the FAA do not apply to certified A&P mechanics such as Guimond; and (4) to recognize Guimond as "acting under" the FAA would be to find federal officer removal appropriate merely because of Guimond's and the Board's participation in a highly regulated industry, a finding that has been explicitly rejected by recent courts to consider the issue.[19]

The Board appears to take the most issue with the Court's failure to find *In re Air Crash*

---

[17]445 F. Supp. 384 (D. Kan. 1977).

[18]91 F.3d 1424 (11th Cir. 1996).

[19]*See Watson v. Philip Morris Cos.*, 127 S. Ct. 2301, 2307–08 (2007); *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 488 F.3d 112, 131–32 (2d Cir. 2007); *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1149 (D. Colo. 2002).

*Disaster* dispositive in this matter. The Board asserts that Guimond enjoys the exact same status as the inspector in *In re Air Crash Disaster*, and because the court in that case found the inspector to have been delegated authority by the FAA, so should this Court. To conclude that Guimond has been delegated authority by the FAA would be to ignore important differences between the facts of *In re Air Crash Disaster* and this case, and to ignore intervening Supreme Court law, which has emphasized the importance of statutory delegation, versus participation in a regulated industry.[20] As the Supreme Court has recently explained:

> The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries. *See, e.g.*, Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136a (2000 ed. and Supp. IV) (mandating disclosure of testing results in the context of pesticide registration). Neither language, nor history, nor purpose lead us to believe that Congress intended any such expansion.[21]

As discussed in detail in the July 10 Order, the Court finds that, based on the evidence and claims before it, Guimond and the Board simply participated in a highly regulated industry. Even conceding to the Board that Guimond was supervised and monitored by the FAA, he does not enjoy the status of a federal official absent some form of explicitly delegated statutory

---

[20]*See Watson*, 127 S. Ct. at 2308; *cf. United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797 (1984) (distinguishing, in the context of an FTCA claim, between designated representatives by the FAA and those who are merely certified or licensed pursuant to regulation).

[21]*Watson*, 127 S. Ct. at 2308.

authority. "[N]either Congress nor federal agencies normally delegate legal authority to private entities without saying that they are doing so."[22] Notably, at its second bite at the apple, the Board fails to point this Court to further statutory or regulatory authority for its proposition that Guimond was delegated authority by the FAA as a certified A&P mechanic. The Court refers the Board to the portion of its July 10 Order that discusses 49 U.S.C. § 44702(d)(1)(B) and 14 C.F.R. §§ 183.1–183.33. In that discussion, this Court explained fully its finding that a certified A&P is not an authorized representative of the FAA under the regulations, based on developments in the law since the decision in *In re Air Crash Disaster*.

Because the Court found that the Board was not "acting under" the FAA, it was not necessary for it to determine whether the Board had established a colorable federal defense—the Court conducted that analysis merely out of an abundance of caution.[23] Therefore, most of the arguments in the Board's motion for reconsideration are immaterial to the basis for remand. The Board makes much of the fact that the history and purpose of federal officer removal is that the federal court and not the state court decide the merits of a federal defense, citing *Willingham v. Morgan*.[24] But, as the Supreme Court has noted, compliance with a regulatory framework by a private entity does not "ordinarily create[] a significant risk of state-court prejudice. Nor is a state-court lawsuit brought against such a company likely to disable federal officials from taking necessary action designed to enforce federal law. Nor is such a lawsuit likely to deny a federal

---

[22]*Id.* at 2310.

[23]*See, e.g.*, *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 488 F.3d 112, 132 (2d Cir. 2007) ("As we have found that removal was inappropriate under the federal officer removal statute because the defendants did not act under an officer of the United States, we need not address the last requirement for removal under the federal officer removal statute, i.e., whether defendants have offered a 'colorable' federal defense.").

[24]395 U.S. 402 (1969).

forum to an individual entitled to assert a federal claim of immunity."[25]

Likewise, there is no separate basis for removal (separate and apart from federal officer removal), under the Westfall Act. As the Court previously explained, there is no right of removal for the defendant in a case that is not certified by the Attorney General. The right of remand is a right of the Attorney General only, who in this case declined to substitute the United States as a party under the provisions of the Westfall Act.

Ultimately, the Court found that a lack of formal delegation by the FAA is fatal to the Board's claim of federal officer removal jurisdiction. As in *Watson*, there is no showing of any statutory or regulatory delegation, nor allegation of a contract, payment, or of a principal and agent arrangement between Guimond or the Board and the FAA.[26] Accordingly, if this Court retained jurisdiction to decide the Board's motion for reconsideration, it would deny the motion.

Still, for the same reasons discussed in its July 10 Order, the Court does not find that an award of attorneys' fees is warranted under *Martin v. Franklin Capital Corp.*[27] The Court cannot find that the Board's motion rises to the level of objectively unreasonable.

## *Motion for Stay of Remand Order*

The Board asks for a stay of this case "upon this Court's review of the factual grounds in support of Mr. Guimond's claimed status as an FAA employee." The Court lacks jurisdiction to issue a stay of the remand order, as the case has been remanded back to state court. Further,

---

[25]*Watson*, 1277 S. Ct. at 2307–08 (citations omitted).

[26]*See id.* at 2309–10 (finding no evidence of "formal delegation," despite the statements of former FTC officials that the FTC delegated authority); *accord In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 488 F.3d at 131–32. The Court is not persuaded that the new discovery discussed by the Board would change this conclusion. Accepting all of that testimony as true, it only establishes that Guimond worked in a highly supervised environment, not that there was *delegation* of authority.

[27]126 S. Ct. 704 (2005).

there is no basis for a stay, even if the Court retained jurisdiction of this matter.  As discussed above, there is no need for the Court to consider further factual grounds for the Board's assertion of federal officer removal jurisdiction.  Also, the Board fails to cite any precedent for the proposition that even if this Court had jurisdiction, it could stay a remand order despite the fact that there is no appeal pending.[28]

**IT IS THEREFORE ORDERED BY THE COURT** that the Board's Motion for Reconsideration and Stay of Remand (Doc. 52) is **denied.**

**IT IS SO ORDERED**.

Dated this 5th day of September 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[28]*See* Fed. R. App. 8(a)(1) (providing for motion for stay of proceedings pending appeal).